# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMI HANNA ANTAR, <br>                     Petitioner, <br>   v. <br> MARTIN FRINK, Warden, <br>                     Respondent. | Case No. 18-cv-00118-BAS-BGS <br><br> **ORDER:** <br><br> **(1) OVERRULING OBJECTIONS** <br>   **[ECF Nos. 18, 19];** <br><br> **(2) ADOPTING REPORT & RECOMMENDATION** <br>   **[ECF No. 17];** <br><br> **(3) DENYING PETITION FOR A WRIT OF HABEAS CORPUS** <br>   **[ECF No. 1];** <br><br> **AND** <br><br> **(4) DENYING A CERTIFICATE OF APPEALABILITY** |

**OVERVIEW**

The Petition for a Writ of Habeas Corpus ("Petition") filed by Petitioner Sami Hanna Antar (Petitioner) pursuant to 28 U.S.C. § 2254 stems from a series of residential burglaries committed in San Diego between August 2012 and July 2013. During the time period, Antar owned and operated a jewelry store in downtown San Diego. Although Antar did not physically enter any of the burglarized homes,

property stolen from the homes was taken to Antar's shop and pawned. In March 2016, Petitioner was convicted of 42 counts of first degree burglary, 2 counts of attempted first degree burglary, 1 count of conspiracy to commit residential burglary, and 1 count of receipt of stolen property by a jury in the California Superior Court for the County of San Diego, for which he received a prison sentence of 22 years and 8 months. (ECF No. 1.) Petitioner appealed on the ground there was insufficient evidence to support his burglary convictions, which the California Court of Appeals rejected in a 2-1 decision on September 5, 2017. (*Id*.; ECF No. 12-1 (state court decision).) The California Supreme Court denied review.

After exhausting state review, Petitioner filed this Petition. (ECF No. 1.) The Petition contends that the State presented insufficient evidence for his burglary convictions in violation of the Fifth and Fourteenth Amendments and avers more specifically that the State presented "no evidence petitioner aided and abetted or conspired to commit the burglaries." (*Id*. at 6.) Respondent Martin Frink (Respondent) answered the Petition and lodged the state court record. (ECF Nos. 11, 12.) Petitioner traversed. (ECF No. 16.)

Magistrate Judge Bernard Skomal issued a Report and Recommendation (R&R) on December 14, 2018, which recommends that the Court deny the Petition. (ECF No. 17.) The R&R recommends that this Court find that there was sufficient evidence to support Petitioner's convictions for residential burglary pursuant to a conspiracy theory of liability and, therefore, deny Petitioner habeas relief. (*Id.* at 47–53.) The R&R further concludes there was insufficient evidence to support Petitioner's convictions pursuant to an aider and abettor theory and concludes there was not. (*Id.* at 53–55.) This recommendation, however, does not alter the recommendation to deny habeas relief.

Respondent timely filed an Objection which objects to the R&R's aiding and abetting analysis as unnecessary given that the finding on a conspiracy theory renders the jury's verdict constitutionally valid. (ECF No. 18.)[1] Petitioner simultaneously filed an Objection to the R&R and a reply. (ECF Nos. 19, 20.) In his timely Objection, Petitioner objects that (1) if there was insufficient evidence to convict him pursuant to an aiding and abetting theory, then the evidence cannot support a conspiracy theory, and (2) the R&R erroneously relies on conspiracy cases that do not involve the crime of receipt of stolen property—a crime Petitioner recognizes he was not charged with except in Count 50. (ECF No. 19.) Respondent timely replied to Petitioner's Objection. (ECF No. 22.)

For the reasons herein, the Court: (1) overrules all objections, (2) approves and adopts the R&R, (3) denies the Petition, and (5) denies a certificate of appealability.

## LEGAL STANDARD

The Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution

---

[1] Respondent's Objection also noted that the R&R's introduction contained an apparent clerical error that recommended a grant of the Petition. (*Compare* ECF No. 17 at 2 *with id.* at 56; ECF No. 18 at 2.) Judge Skomal issued an order clarifying that the introduction should read that the R&R recommends denial. (ECF No. 21.) To the extent there was any question about the recommended disposition, the later order clarifies the issue.

nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This legal rule is well-established in the Ninth Circuit and this District. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a[n] R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

Because no party has objected to the R&R's factual and procedural background, the Court hereby incorporates the background. This order assumes knowledge of the background without further discussion unless it is necessary to the Court's analysis.

## DISCUSSION

**A.    Petitioner's Insufficient Evidence Claim Fails Under a *De Novo* Review**

The entirety of Petitioner's claim to habeas relief turns on his contention that there was insufficient evidence for the jury to convict him of residential burglary, attempted residential burglary and conspiracy to commit residential burglary.

Insufficient evidence claims "face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam). Pursuant to the first layer, a reviewing court asks 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (italics in original). The reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury.

*Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam). A federal habeas court must be "mindful of 'the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency review.'" *Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005). Pursuant to the second layer of review, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas petitioner must establish that the state court which directly reviewed the conviction unreasonably applied the *Jackson* standard to the facts of the case. *Id.* at 1274–75. "[A] federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Cavazos*, 565 U.S. at 2. These layers of judicial deference "afford due respect to the role of the jury and the state courts" in state criminal proceedings. *Coleman*, 566 U.S. at 651.

Insufficient evidence claims are evaluated based on the substantive elements of the criminal offense as defined by state law. *Jackson*, 443 U.S. at 324 n. 16; *Chein v. Shumsky*, 373 F.3d 978, 983 (9th Cir. 2004). The relevant elements turn on the theory of liability underlying the convictions.

The jury was presented with two theories to find Antar liable for his burglary convictions: an aider and abettor theory and a conspiracy theory. Although Antar challenges both theories, sufficient evidence of *either one* of these theories will preclude federal habeas relief. *See Sochor v. Florida*, 504 U.S. 527, 538 (1992) (describing *Griffin* as holding that "it was no violation of due process that a trial court instructed a jury on two different legal theories, one supported by the evidence, the other not"); *Griffin v. United States*, 502 U.S. 46, 56–60 (1991); *Turner v. United States*, 396 U.S. 398, 420 (1970); *Potter v. Hornbeck*, 469 Fed. App'x 645, 646–47 (9th Cir. 2012) (conviction must be affirmed if either of two legal theories of murder

is supported by the evidence), *cert. denied*, 582 U.S. 832 (2012).

The Court focuses on whether sufficient evidence supported Antar's convictions based on a conspiracy theory of liability. The California Court of Appeals, the last state court which offered a reasoned decision sustaining Antar's convictions, upheld his convictions on the basis of a conspiracy theory. And the parties' Objections largely turn on the conspiracy theory, which serves the basis for the recommendation to deny the Petition.

Pursuant to California law, "[a] conviction for conspiracy requires proof that the defendant and another person had the specific intent to agree or conspire to commit an offense, as well as the specific intent to commit the elements of that offense, together with proof of the commission of an overt act by one or more of the parties to such an agreement in furtherance of that conspiracy." *People v. Johnson*, 303 P.3d 379, 384 (Cal. 2013); *see also* Cal. Pen. Code § 182(a)(1). "Conspiracy is a specific intent crime requiring both an intent to agree or conspire and a further intent to commit the target crime or object of the conspiracy. It is a dual mental state." *People v. Iniguez*, 116 Cal. Rptr. 2d 634, 636 (Cal. Ct. App. 2002). Importantly:

> [c]riminal conspiracy is an offense distinct from the actual commission of a criminal offense that is the object of the conspiracy. Conspiracy . . . does not require the commission of the substantive offense that is the object of the conspiracy. . . . Each [conspirator] is responsible for everything done by his confederates, which follows incidentally in the execution and common design as one of its probable and natural consequences. [I]t is not necessary that a party to a conspiracy shall be present and personally participate with his co-conspirators in all or in any of the overt acts.

*People v. Morante*, 975 P.2d 1071, 1080 (Cal. 1999) (internal citations and quotations omitted).

These elements of conspiracy are assessed based on the underlying substantive offense of residential burglary. A person commits the crime of burglary when "he enters any house, room, apartment . . . with intent to commit grant or petit larceny or any felony[.]" Cal. Pen. Code § 459.

Judge Skomal observed that Antar does not contend there was insufficient evidence either to support that the homes in question were burglarized by his three codefendants—Venegas, Fults, and Duron[2]—or that the codefendants conspired to commit the burglaries. (ECF No. 17 at 46.) Instead, Antar has only challenged whether there was sufficient evidence to conclude that *he* conspired with his codefendants. As Judge Skomal recognized:

> "To prove an agreement, it is not necessary to establish the parties met and expressly agreed [to commit the target offense]." *People v. Vu*, 143 Cal. App. 4th 1009, 1025 (Cal. Ct. App. 2006). "The evidence is sufficient if it supports an inference that the parties positively or tacitly came to a mutual understanding to commit a crime." *People v. Prevost*, 60 Cal. App. 4th 1382, 1399 (Cal Ct. App. 1998). The existence of a conspiracy "may be proved through circumstantial evidence inferred from the conduct, relationship, interests, and activities of the alleged conspirators before and during the alleged conspiracy." *Id.*

(ECF No. 17 at 48 (emphasis removed).)

Judge Skomal first determined that the prosecution established a conspiracy to commit residential burglary by Antar's three codefendants, which consisted of, *inter alia*: (1) Duron asked Montes in mid-August 2012 to drive Duron and Venegas to scout houses for residential burglaries, which Montes did and Montes was apprehended with stolen jewelry, (2) beginning in July 2012, Aguirre drove Venegas,

---

[2] The series of burglaries involved Michael Venegas, Ronnie Fults, Ricardo Duron, Paula Aguirre, and Jose Montes. (ECF No. 17 at 2.) Aguirre and Montes were cooperating witnesses for the prosecution. (*Id.*) Venegas, Fults, and Duron physically entered the homes and stole property. (*Id.*)

Montes and Duron to various houses and Aguirre identified homes burglarized and items stolen. (*Id.* at 49–51.)

Judge Skomal then determined that there was sufficient evidence for a rational jury to find that Antar specifically intended to agree to commit residential burglaries as a "fence" and that he specifically intended one or more members take some act in furtherance of the conspiracy. Judge Skomal identified the evidence as: (1) Antar's repeated communication with Venegas by phone while Venegas was in close proximity to the locations of burglaries and close in time to when the burglaries were committed, (2) Venegas's repeated visits to Antar's business to pawn items stolen from the homes, (3) photographs of stolen property on Antar's computer and computer searches related to the value of some stolen property, (4) the nature of stolen items, including, personal pieces of jewelry, sports memorabilia, coins, electronics, and the like, and (5) the length of time during which Antar acted as a fence for Venegas. (*Id.* at 51–52.) "Applying the doubly deferential review required by AEDPA," Judge Skomal determined that the California Court of Appeals' determination that substantial evidence supported Antar's guilty convictions was not an unreasonable application of *Jackson*, nor an unreasonable determination of the facts. (*Id.* at 52–53.)

**1.    Insufficient Evidence of Aiding and Abetting Does Not Preclude Sufficient Evidence of Conspiracy for Petitioner's Charges**

Latching onto the R&R's finding of insufficient evidence for an aiding and abetting theory of liability, Petitioner objects that "there is no legal basis to reach a different conclusion as to the prosecution's alternative conspiracy theory of liability" and "the evidence was similarly insufficient to establish he conspired to commit them." (ECF No. 19 at 3–4.) The Court overrules this objection for two reasons.

First, as the record makes abundantly clear, the relevant "legal basis" for a

different outcome on federal habeas review is that the California Court of Appeals issued a decision which expressly determined that there was sufficient evidence to sustain Antar's convictions on a conspiracy theory of liability. This state court decision triggers AEDPA's second layer of highly deferential review for state court decisions. As Judge Skomal acknowledged, the appellate court did not examine the evidence under an aiding and abetting theory of liability and thus no deference was due. (ECF No. 17 at 53 (citing *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2003) for the proposition that "when there is no state court decision on a claim to which the federal court can defer, the Court must conduct a *de novo* review of the claim.").) Petitioner fails to square his generalized objection to the R&R's findings and recommendation regarding the conspiracy theory of liability with AEDPA's deferential review.

Second, as Petitioner recognizes, "conspiracy and aiding and abetting overlap . . . although *they are distinct theories of liability*[.]" (ECF No. 19 at 3 (emphasis added).) Insufficient evidence for one theory of liability does not preclude a finding of sufficient evidence for the other. Aiding and abetting requires specific intent to encourage or facilitate the underlying crime plus participation in planning or affirmative action at the time the offense is committed. *People v. Joiner*, 101 Cal. Rptr. 2d 270, 283 (Cal. Ct. App. 2000). The focus is on whether the defendant has committed an act which actually furthers commission of the crime. *In re J.R.*, 231 Cal. Rptr. 3d 858, 866 (Cal. Ct. App. 2018). In contrast, conspiracy requires only the specific intent to conspire plus any overt act by any coconspirator in furtherance of the conspiracy. *People v. Smith*, 180 Cal. Rptr. 3d 100, 110–11 (Cal. Ct. App. 2014). Petitioner merely objects that because he did not actually enter any burglarized home or plan the burglaries, he cannot be liable under a conspiracy theory of liability. (ECF No. 19 at 2–3) This objection fails to comprehend the relevant legal differences between aiding and abetting and conspiracy. In this case, having reviewed the record,

this Court agrees with the R&R that there was sufficient evidence for a rational jury to conclude that Antar specifically agreed to the conspiracy to commit residential burglaries. Accordingly, the Court overrules the objection.

### 2. Petitioner Has Failed to Identify a Legal Error in the R&R's Conspiracy Theory Analysis

Antar also objects that Judge Skomal's conspiracy theory analysis is "flawed" because it relied on the financial benefit to Antar from Venegas's criminal activity and cases in which an interest in the commission of a crime can support an inference of conspiracy. (ECF No. 19 at 4.) Antar argues that Judge Skomal did not rely on cases involving the crime of receiving stolen property, which Petitioner appears to believe would have been the more appropriate charge for his conduct. (*Id*.) According to Petitioner, a fence who has a financial interest in stolen property is more appropriately liable for receipt of stolen property in violation of California Penal Code § 496. (*Id*.) He contends that his "was a case of the prosecutor grossly overcharging petitioner based on the evidence." (*Id.* at 5.) The Court overrules this objection.

First, as Petitioner acknowledges, he was charged with burglary in the various convictions he challenges—not receipt of stolen property. (ECF No. 19 at 5.) Case law concerning receipt of stolen property has no direct relevance to his burglary convictions, particularly when, as Petitioner recognizes, receipt of stolen property is not a lesser included offense. *See In re Christopher S*., 220 Cal. Rptr. 216 (Cal. Ct. App. 1985).

Second, the Court disagrees with Petitioner's intimations of legal flaws in the R&R's conspiracy theory analysis. Not a single case Petitioner identifies concerns conspiracy, including the two burglary/larceny cases Petitioner cites. *See People v. King*, 96 Cal. Rptr. 2d 817 (Cal. Ct. App. 2000); *In re Christopher S*., 220 Cal. Rptr.

214 (Cal. Ct. App. 1985) (larceny case); *People v. Tyler*, 65 Cal. Rptr. 907 (Cal. Ct. App. 1968) (burglary case); *People v. Tatum*, 25 Cal. Rptr. 832 (Cal. Ct. App. 1962); *In re Application of Stanley*, 265 P. 561 (Cal. Ct. App. 1928).

The burglary/larceny cases are of no help to Petitioner here. *Tyler* is factually and legally distinguishable as the Court of Appeals sustained the burglary conviction by finding the evidence was sufficient for an aiding and abetting theory given his possession of stolen property and flight from the scene with his codefendants. *Tyler*, 65 Cal. Rptr. at 911. *In re Christopher* is distinguishable because the case involved a juvenile court erroneously treating receipt of stolen property as a lesser included offense of a burglary charge. *In re Christopher S.*, 220 Cal. Rptr. at 215. No such error occurred here.

Third, Petitioner's view that the evidence of his financial interest in being a fence is insufficient for a burglary conviction based on a conspiracy theory is wrong. Under long-standing interpretation of California law, a defendant who did not actually commit burglary may be convicted of burglary "either on the liability of a conspirator or on the evidence of possession of stolen property plus slight corroborating evidence," which may include "evidence of acts, conduct, or declarations of the accused tending to show his [or her] guilt." *People v. Kefry*, 332 P.2d 848, (Cal. Ct. App. 1958). The California Court of Appeals relied on this interpretation to sustain Antar's burglary convictions. *See People v. Antar*, D070094, 2017 WL 3940951, at *4 (Cal. Ct. App. Sept. 5, 2017) (unpublished). This Court is bound by the California Court of Appeals' interpretation of state law, including an interpretation announced on direct appeal of a challenged conviction. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). As Respondent points out, the California Court of Appeals implicitly rejected the objection Antar raises now.

Finally, the claim to habeas relief presented in this Petition concerns the sufficiency of the evidence for Antar's burglary convictions. When a federal habeas petitioner challenges a conviction based on the sufficiency of the evidence, a federal court reviews the evidence presented at trial for the conviction and any subsequent state court decision upholding the conviction based on the trial evidence. Petitioner has not alleged prosecutorial misconduct and thus his averments of prosecutorial overcharging are not properly raised.

*   *   *

Based on the evidence and law relied on by Judge Skomal and the Court's independent review of the record in accordance with the deference due, the Court agrees there was sufficient evidence for a rational jury to conclude that Antar specifically agreed to a conspiracy to commit residential burglary and that the California Court of Appeals did not unreasonably apply *Jackson* to the facts or evidence before it. The Court overrules as moot Respondent's objection that the R&R should have concluded its review of the Petition's merits after finding that there was sufficient evidence to support Petitioner's burglary convictions on a conspiracy theory.

**B.     The Court Declines to Issue Petitioner a Certificate of Appealability**

Pursuant to Rule 11 of the Rules governing 28 U.S.C. § 2254 cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. *Maciel v. Cate*, 731 F.3d 928, 932 (9th Cir. 2013). Although the R&R recommends denial of his Petition, Petitioner's objection does not

address whether a certificate of appealability is appropriate if the Court adopts the recommendation. Based on a review of the Petition, the record, and the R&R, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue Petitioner a certificate of appealability.

**CONCLUSION & ORDER**

For the foregoing reasons, the Court: (1) **OVERRULES** both Petitioner's and Respondent's Objections (ECF Nos. 18, 19); (2) **APPROVES AND ADOPTS** Magistrate Judge Skomal's R&R (ECF No. 17); (3) **DENIES** the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254; and (4) **DENIES** Petitioner a certificate of appealability. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

DATED: February 26, 2019

Hon. Cynthia Bashant
United States District Judge